**DICKINSON WRIGHT PLLC**
MICHAEL N. FEDER, ESQ.
Nevada Bar No. 7332
JOHN L. KRIEGER, ESQ.
Nevada Bar No. 6023
BRADY A. BATHKE, ESQ.
Nevada Bar No. 16191
3883 Howard Hughes Pkwy., Suite 800
Las Vegas, Nevada 89169
Tel: (702) 550-4400
Fax: (844) 670-6009
Email: mfeder@dickinsonwright.com
Email: jkrieger@dickinsonwright.com
Email: bbathke@dickinsonwright.com

*Attorneys for Plaintiff*
*Empowered Products, LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| EMPOWERED PRODUCTS, LLC, a Nevada limited liability company,<br><br>     *Plaintiff*,<br><br>   v.<br><br>CALIFORNIA EXOTIC NOVELTIES, LLC, a California limited liability company.<br><br>     *Defendant*. | CASE NO.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Empowered Products, LLC ("EP"), by and through its counsel at the law firm of Dickinson Wright PLLC, hereby states its complaint against California Exotic Novelties, LLC ("CEN" or "Defendant") as follows:

### NATURE OF CASE

1.    This is an action for statutory trademark infringement, false designation of origin and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1051, *et seq*.; common law trademark infringement and unfair competition; violation of the Nevada Deceptive Trade

Practices Act; and unjust enrichment.

## THE PARTIES

2.      EP is a Nevada limited liability company with its principal place of business at 3367 W. Oquendo Road, Las Vegas, NV 89118.

3.      EP is informed and believes, and thereupon alleges that Defendant CEN is a California limited liability company with its principal place of business located at 1455 E. Francis Street, Ontario, CA 91761, and a mailing address located at P.O. Box 50400, Ontario, CA 91761.

## JURISDICTION AND VENUE

4.      EP's claims are for trademark infringement arising under the Lanham Act 15 U.S.C. § 1114, *et seq.*; false designation of origin and unfair competition under the Lanham Act, 15 U.S.C. § 1125, *et seq.*; trademark infringement, unfair competition, and unjust enrichment under Nevada common law; and unfair and deceptive acts under the Nevada Deceptive Trade Practices Act, NRS 598.0915, *et seq.*

5.      The Court has original subject matter jurisdiction over the federal law claims pursuant to 28 U.S.C. §§ 1331 and 1338; and 15 U.S.C. § 1121. This case primarily involves a federal question. This Court also has supplemental jurisdiction over the state law claims in this matter pursuant to 28 U.S.C. § 1367(a).

6.      This Court may exercise personal jurisdiction over Defendant because it purposefully directs its activities toward the State of Nevada and, thus, purposefully avails itself of the privileges of conducting business in the State of Nevada, and has directly harmed EP in this judicial district by using, selling, offering for sale and/or importing products that infringe on EP's trademarks, which Defendant knew or should have known would cause injury to EP in Nevada.

7.      More specifically, Defendant conducts business activities in the State of Nevada through its interactive e-commerce website located at <calexotics.com> (the "Website"), including the sale of "Empowered" products, which is accessible to consumers in this judicial district, as well as through various social media pages.

8.     The Website is an interactive website that is designed to promote Defendant's products and collect personal information from would-be buyers and/or distributors.

9.     EP is informed and believes, and thereupon alleges that Defendant imposes no geographical restrictions on who may access the Website.

10.     EP is informed and believes, and thereupon alleges that Defendant advertises, offers for sale, sells, imports, and distributes products to consumers in Nevada.

11.     EP is informed and believes, and thereupon alleges that the EMPOWERED mark is being used in connection with goods sold and advertised for sale in Nevada by Defendant and said actions were done in order to purposefully avail itself of the privileges of doing business within Nevada.

12.     EP is informed and believes, and thereupon alleges that Defendant has employed, authorized, and directed one or more distributors purposefully to distribute products bearing the EMPOWERED mark within Nevada, and purposefully initiated advertising of said products throughout Nevada, and was done in order to purposefully avail itself of the privileges of doing business within Nevada.

13.     EP is informed and believes, and thereupon alleges that Defendant adopted and used a mark identical or confusingly similar to that of EP with the intent of profiting from causing confusion with EP's EMPOWERED PRODUCTS® branded products and its goodwill in the marketplace.

14.     Defendant committed tortious acts that it knew or should have known would cause injury to EP in Nevada.

15.     Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to EP's claims occurred in this judicial district, and thus, confusion about the origin of Defendant's products is likely to occur in this district. Pursuant to LR IA 1-6, venue lies in the unofficial Southern Division of this judicial district.

///

///

## GENERAL ALLEGATIONS

### *Background on EP*

16.     EP advertises, markets, and sells sexual stimulation aids and sex toys throughout the United States, which includes various sexual stimulation aids and sex toys, including suction vibrators.

17.     EP has a loyal and dedicated following among the sexual stimulation aid and sex toy market, including retailers and consumers.

18.     In fact, consumers of sexual stimulation aids and sex toys associate the word "empowered" itself as an indicator that EP is the source of the goods identified with the word "empowered."

### *EP's Trademark Rights*

19.     EP owns several United States trademark registrations and pending applications for a variety of trademarks used in connection with its products, including:

- U.S. Reg. No. 2894989 for EMPOWERED PRODUCTS in Class 35 for "[r]etail services featuring adult novelties, sexual aids, personal lubricants, massage lotions, foundation undergarments and image-enhancing articles," based on an application filed on October 20, 2003;

- U.S. Ser. No. 97782008 for EMPOWERED PRODUCTS in Class 3 for "[m]assage lotion; essential oils for personal use; essential oils for medicinal purposes, namely, aromatherapy oils," Class 5 for "[p]ersonal lubricant," and Class 25 for "[c]lothing, namely, foundation undergarments and image-enhancing products in the nature of inserts for swimsuits and underwear and padded underwear," based on an application filed on February 6, 2023; and

- U.S. Ser. No. 98441193 for EMPOWERED PRODUCTS in Class 10 for "[s]exual stimulation aids, sex toys, vibrators, restraints," based on an application filed on March 8, 2024.

True and accurate copies of the registration certificate and relevant TSDR records for the

foregoing marks are attached hereto as **Exhibit 1**.

20. EP also owns several Nevada state trademark registrations for a variety of trademarks used in connection with its products, including:

- Reg. No. 202400050402-42 for EMPOWERED PRODUCTS in Class 50 for "[a]dult novelties, sexual aids, personal lubricants, massage lotions, foundation undergarments and image-enhancing articles"; and

- Reg. No. 202400050404-36 for EMPOWERED in Class 50 for "[a]dults novelties, sexual aids, personal lubricants, massage lotions, foundation undergarments and image-enhancing articles."

True and accurate copies of the registration certificates for the foregoing marks are attached hereto as **Exhibit 2**.

21. Both EP's federal and state registrations, and federal applications, are collectively referred to herein as the "EMPOWERED PRODUCTS Marks."

22. Since as early as 2002, EP has used the EMPOWERED PRODUCTS Marks on and in connection with the sale of a variety of adult novelty and sexual aid products, such as the following:





Empowered Products® Curve

Pump away with the curve of pleasure. The unique shape makes each thrust a thrill...and it's waterproof so bring your Empowered Products® "Curve" to the bath or shower for aquatic fun!
- 7.5 in length x 1.2 in diameter
- High quality soft silicone
- Waterproof



(Collectively, the "EP Products").

23.     EP has continuously used the EMPOWERED PRODUCTS Marks in connection with advertising and promoting its EP Products in the United States. The EMPOWERED PRODUCTS Marks are well established in the sexual stimulation aid and sex toy market.

24.     EP has spent substantial amounts of money to advertise and promote the EMPOWERED PRODUCTS Marks in print, broadcast media, point-of-sale materials, and on the Internet through its websites accessible throughout the United States and around the world located at <empoweredproducts.com>, <pinksensuals.com>, and <gunoil.com>, among others.

25.     EP has sold millions of dollars' worth of its EP Products online through its

websites located at <empoweredproducts.com>, <pinksensuals.com>, and <gunoil.com>.

26.    The EMPOWERED PRODUCTS Marks are printed on the label of each of the EP Products, and included on every retail and wholesale invoice and merchant-account processing receipt that EP issues.

27.    Based on its federal trademark registration and pending applications, and extensive use, EP owns the exclusive right to use the EMPOWERED PRODUCTS Marks in connection with sexual stimulation aids and sex toys.

28.    Moreover, the EP Products have been extensively featured in the media nationwide since its inception, and EP has received numerous industry awards and recognitions.

29.    EP won the 2012 XBIZ Sexual Supplement Company of the Year award, and received a recognition in the April 2013 issue of Penthouse magazine for having Penthouse's highest rated masturbation cream.

30.    Further, EP won Nevada's Veteran Owned Small Business of the Year for 2024, and is currently being considered for the 2024 national Veteran Owned Small Business of the Year award.

31.    EP's sales and promotion of the EP Products using the EMPOWERED PRODUCTS Marks have made the mark valuable as an identifier of EP products and services that serve to distinguish the EP products and services from competing products and services.

32.    Customers in this judicial district and elsewhere readily recognize the EMPOWERED PRODUCTS Marks as a distinctive designation of the origin of the EP Products.

33.    The EMPOWERED PRODUCTS Marks have significant goodwill in the marketplace and are uniquely associated with EP and its business, as well as the quality and nature of the EP Products.

### *Defendant's Infringing Activities*

34.    Defendant competes with EP in the sexual stimulation aid and sex toy market.

35.    Defendant advertises, offers for sale, sells, imports, and/or ships sexual stimulation aids and sex toys throughout the United States, including into Nevada, (the "Infringing Products")

1    bearing the word "Empowered" (the "Infringing Mark").

2        36.    In fact, Defendant advertises and offers for sale products bearing the Infringing

3    Mark through the Website, and uses a "TM" to expressly indicate it is using the word as a

4    trademark:





True and accurate copies of print outs of these web pages are attached here as **Exhibit 3**.

37.     Defendant's use of the Infringing Mark is confusingly similar to EP's EMPOWERED PRODUCTS Marks in sight, sound, meaning, and commercial impression.

38.     In fact, the dominant term in the EMPOWERED PRODUCTS Marks is the term "EMPOWERED," which is incorporated in its entirety in the Infringing Mark.

39.     The common term "empowered" is the dominant part of both parties' marks, and conveys the same commercial impression and meaning.

40.     The addition of the term "PRODUCTS" in the EMPOWERED PRODUCTS Marks does not change the commercial impression as it merely describes any line of goods.

41.     Moreover, the goods upon which the Infringing Mark is applied are closely related, if not identical, to the EP Products, namely adult novelty and sexual aid products.

42.     EP developed enforceable rights in the EMPOWERED PRODUCTS Marks prior to when Defendant began use of the Infringing Mark in the United States.

43.     EP is informed and believes, and thereupon alleges that Defendant knew of the EP Products sold by EP when Defendant adopted and began using the Infringing Mark.

44.     EP has not expressly or impliedly authorized, permitted, or given consent to Defendant to use the Infringing Mark on any sexual stimulation aids, sex toys, or related products.

### *Related TTAB Proceeding*

45.     Defendant is well aware that its Infringing Mark is likely to cause confusion with EP's EMPOWERED PRODCUTS Marks.

46.     On or around September 4, 2020, Defendant filed an application for federal registration of the Infringing Mark, (Serial No. 90159457), in connection with "[a]dult sexual stimulation aids, namely, vibrators and clitoral stimulators; Sex toys."

47.     Defendant's application, however, was refused on the basis that it would likely cause confusion with EP's EMPOWERED PRODUCTS Marks.

48.     Rather than choose a different mark, on or around February 14, 2022, Defendant escalated the matter and filed a Petition for Cancellation in the Trademark Trial and Appeal Board ("TTAB") seeking specifically to cancel EP's U.S. Reg. No. 2894989 for EMPOWERED

PRODUCTS on the basis of non-use (the "Cancellation Proceeding").

49.    On or around March 24, 2022, EP filed its answer denying all allegations plead in the Cancellation Proceeding.

50.    Thereafter, on September 12, 2024, after significant discovery had occurred in the Cancellation Proceeding demonstrating that Defendant's Cancellation Proceeding, and the claims asserted therein, were baseless and without merit, Defendant filed a unilateral withdrawal of Cancellation Proceeding without any warning to or consent from EP.

51.    On or about September 17, 2024, the TTAB denied Defendant's unilateral withdrawal of the Cancellation Proceeding because it had been done without consent and, instead, terminated the proceeding with prejudice.

52.    Notwithstanding Defendant's unilateral withdrawal of the Cancellation Proceeding and TTAB's subsequent termination of the Cancellation Proceeding with prejudice, Defendant, as it did during the pendency of the Cancellation Proceeding, continues to use the Infringing Mark.

53.    Defendant displays, promotes, and makes available for sale products using the Infringing Mark in the same manner that EP displays, promotes, and makes available for sale its EP Products using the EMPOWERED PRODUCTS Marks.

54.    EP is informed and believes, and thereupon alleges that Defendant is using, and has used, the Infringing Mark intentionally to trade upon the goodwill and substantial recognition associated with the EP Products offered under the EMPOWERED PRODUCTS Marks.

55.    EP is informed and believes, and thereupon alleges that Defendant uses the Infringing Mark to associate the Infringing Products with the EP Products or otherwise trade upon EP's reputation.

56.    EP is informed and believes, and thereupon alleges that the use of the Infringing Mark by Defendant causes, or is reasonably likely to cause, consumer confusion, mistake, or deception regarding the origin, association, or sponsorship of Defendant's products, including the Infringing Products.

57.    EP is informed and believes, and thereupon alleges that the use of the Infringing Mark by Defendant causes, or is reasonably likely to cause, consumers and potential customers to believe erroneously that the Infringing Products are put out by and/or sponsored or associated with products originating from EP when, in fact, the Infringing Products are not.

58.    Further enhancing the likelihood of confusion, Defendant markets the Infringing Products to the same consumers as EP.

59.    The acts of Defendant outlined herein cause, have caused, and/or are reasonably likely to cause, EP to suffer irreparable injury to its business and substantial loss of goodwill and reputation unless and until a court order enjoins Defendant from continuing to commit the wrongful actions outlined herein.

60.    EP has no adequate remedy at law.

## COUNT I
### Federal Trademark Infringement
### (Lanham Act § 32(1), 15 U.S.C. § 1114(1)(a))

61.    EP re-alleges and incorporates by reference all allegations contained in this Complaint as though fully set forth herein.

62.    This is an action for trademark infringement arising under 15 U.S.C. § 1114.

63.    EP owns, has the exclusive right to use, and actively uses, the EMPOWERED PRODUCTS Marks, and EP has not, in any way, authorized Defendant to use the Infringing Mark.

64.    The parties are direct competitors in the adult sexual stimulation aid and sex toy market.

65.    Defendant's acts have caused, or are likely to cause confusion, mistake, or deception, over whether Defendant's products using the Infringing Mark have their source or origin with, or are in some manner approved by, associated with, sponsored by or connected with EP's products using the EMPOWERED PRODUCTS Marks, all in violation of 15 U.S.C. §§ 1114 *et. seq.*

66.    EP is informed and believes, and thereupon alleges that Defendant's actions were undertaken willfully, and with the intent to confuse and deceive the public.

67.    Defendant's acts have damaged, or may damage, EP's business, commercial interest in its reputation and goodwill and have interfered, or may interfere, with EP's use of the EMPOWERED PRODUCTS Marks including, but not limited to any reduction of EP's sales of its products.

68.    The economic and reputational injuries to EP caused by the trademark infringement flow directly from the confusion and/or deception wrought by Defendant's infringement of EP's trademark rights.

69.    The economic and reputational injury occurred and is continuing to occur due to Defendant's use of the Infringing Mark, which is similar to the EMPOWERED PRODUCTS Marks.

70.    Defendant's use of the Infringing Mark confuses and/or deceives consumers and that confusion and/or deception causes them to withhold trade from EP by purchasing Defendant's products instead of EP's competing products.

71.    Defendant's use of the Infringing Mark creates the false impression that Defendant's products originate from the same source as EP's directly competitive products.

72.    EP is informed and believes, and thereupon alleges that the false impression created by Defendant's use of the Infringing Mark has and/or will lead consumers to purchase Defendant's products based on the erroneous belief that Defendant's products are the same as, or equivalent to, EP's products.

73.    Pursuant to 15 U.S.C. § 1116, Defendant should be preliminarily and permanently enjoined from using the Infringing Mark, and variants thereof, in or on any packaging or advertising, or otherwise infringing EP's trademark rights in the EMPOWERED PRODUCTS Marks.

74.    Pursuant to 15 U.S.C. § 1117, EP is entitled to recover from Defendant:

a.    All profits received by Defendant from its use of the Infringing Mark, or variants thereof;

b.    Damages sustained by EP due to Defendant's use of the Infringing Mark, or variants thereof;

c.    Exceptional damages for intentional infringement, bad faith, and willful conduct, equal to three times profits or damages, whichever is greater; and

d.    All costs of this action, including attorneys' fees.

75.    Pursuant to 15 U.S.C. § 1118, EP is also entitled to an order from this Court compelling Defendant to destroy all product packaging, advertising, and other materials displaying the Infringing Mark or variants thereof.

## <u>COUNT II</u>
### False Designation of Origin and Unfair Competition
### (Lanham Act § 43(a), 15 U.S.C. § 1125(a)(1)(A))

76.    EP re-alleges and incorporates by reference all allegations contained in this Complaint as though fully set forth herein.

77.    This is an action for false designation of origin arising under 15 U.S.C. § 1125(a).

78.    The parties are direct competitors in the sexual stimulation aid and sex toy market.

79.    Defendant's use of the Infringing Mark, on packaging and advertising for, and/or to identify the products, including use on packaging, constitutes a false designation of origin that has caused, or is likely to cause, confusion, mistake, and deception as to the affiliation, connection, or association between the EP Products and the products bearing the Infringing Mark and commercial activities of EP, all in violation of 15 U.S.C. § 1125(a)(1)(A).

80.    EP is informed and believes, and thereupon alleges that Defendant has infringed on EP's trademark rights to the EMPOWERED PRODUCTS Marks in order to, *inter alia*: (a) compete against EP; (b) trade on the reputation and goodwill of EP Products by causing consumer confusion and mistake; and (c) deceive the public into believing that the products bearing the Infringing Mark are associated with EP Products or sponsored by, or approved by EP, the producer of EP Products when they are not.

81.    EP is informed and believes, and thereupon alleges that Defendant had actual

knowledge of EP's ownership and prior use of the EMPOWERED PRODUCTS Marks and without EP's consent, has willfully violated 15 U.S.C. § 1125(a).

82.    EP is informed and believes, and thereupon alleges that Defendant's use of the Infringing Mark, on packaging and advertising for, and/or to identify the products bearing the Infringing Mark, injures EP's commercial interest in its reputation and reduces EP's sales of its products.

83.    The economic and reputational injuries to EP flow directly from the confusion and/or deception wrought by Defendant's infringement of EP's trademark rights.

84.    The economic and reputational injuries occur due to the similarity of the Infringing Mark to the EMPOWERED PRODUCTS Marks used for the EP Products.

85.    Defendant's use of the Infringing Mark confuses and/or deceives consumers and that confusion and/or deception causes them to withhold trade from EP by purchasing Defendant's products instead of EP's competing products.

86.    Defendant's use of the Infringing Mark creates the false impression that Defendant's products originate from the same source as EP's directly competitive products.

87.    EP is informed and believes, and thereupon alleges that the false impression created by Defendant's use of the Infringing Mark has and/or will lead consumers to purchase Defendant's products on the erroneous belief that Defendant's products are the same as, or equivalent to, EP's products.

88.    As a direct and proximate result of the foregoing acts by Defendant, EP has suffered, and continues to suffer, substantial damages not yet determinable, including irreparable injury for which there is no adequate remedy at law. Such irreparable injury will continue unless and until Defendant is permanently enjoined by this Court from further violation of EP's rights, for which EP has no adequate remedy at law.

89.    Pursuant to 15 U.S.C. § 1116, Defendant should be preliminarily and permanently enjoined from using the Infringing Mark, or variants thereof, or otherwise unfairly competing against EP or infringing on EP's trademark rights in the EMPOWERED PRODUCTS Marks.

90.     Pursuant to 15 U.S.C. § 1117, EP is entitled to recover from Defendant:

     a.     Defendant's profits from selling the products bearing the Infringing Mark, or any variants thereof;

     b.     EP's actual damages, including, but not limited to, EP's added advertising costs necessitated by Defendant's sale of the Infringing Products, or any variants thereof;

     c.     Exceptional damages for intentional infringement, bad faith, and willful conduct, equal to three times profits or damages, whichever is greater; and

     d.     All costs of this action, including attorneys' fees.

91.     Furthermore, EP seeks an order from this Court under 15 U.S.C. § 1118 compelling Defendant to destroy all materials bearing the Infringing Mark or any variants thereof.

### COUNT III
### Nevada State and Common Law Trademark Infringement and Unfair Competition

92.     EP re-alleges and incorporates by reference all allegations contained in this Complaint, as though fully set forth herein.

93.     This cause of action for trademark infringement and unfair competition arises under both state and common law of the State of Nevada.

94.     EP has a protectable interest in the distinctive EMPOWERED PRODUCTS name as detailed above.

95.     EP's EMPOWERED PRODUCTS Marks are registered in the State of Nevada.

96.     The parties are direct competitors in the sexual stimulation aid and sex toy market.

97.     Defendant has deliberately and willfully attempted to trade on EP's goodwill in its EMPOWERED PRODUCTS Marks, and the reputation EP has established in connection with its sexual stimulation aids and sex toys.

98.     Defendant has also deliberately and willfully attempted to confuse consumers as to the origin and sponsorship of the products bearing the Infringing Mark and to pass them off as those of products made by EP and identified by its EMPOWERED PRODUCTS Marks.

99.     Defendant's unauthorized and tortious conduct has also deprived and will continue

to deprive EP of the ability to control the consumer perception of its products offered under the EMPOWERED PRODUCTS Marks, placing the valuable reputation and goodwill of EP in the hands of Defendant without permission or approval of EP.

100.   By its actions, Defendant has infringed EP's EMPOWERED PRODUCTS Marks, deliberately and with the intention of wrongfully trading on the goodwill and reputation symbolized by EP's EMPOWERED PRODUCTS Marks.

101.   Defendant's conduct is likely to cause appreciable confusion, mistake, or deception as to the affiliation, connection or association of Defendant's products with the EP Products produced and sold by EP, and as to the origin, sponsorship, or approval of Defendant's products bearing the Infringing Mark with EP Products produced and sold by EP, all in violation of Nevada common law.

102.   EP is informed and believes, and thereupon alleges that Defendant's use of the Infringing Mark on Defendant's products injures EP's commercial interest in its reputation and reduces EP's sales of its products.

103.   As a result of Defendant's conduct, EP has suffered substantial damages, as well as the continuing loss of the goodwill and reputation established by EP in its EMPOWERED PRODUCTS Marks.

104.   The economic and reputational injuries occur due to the similarity of the Infringing Mark to the EMPOWERED PRODUCTS Marks used for the EP Products.

105.   Defendant's use of the Infringing Mark, or variants thereof, confuse and/or deceive consumers and that confusion and/or deception causes them to withhold trade from EP by purchasing Defendant's products instead of EP's competing products.

106.   Defendant's use of the Infringing Mark, or variants thereof, creates the false impression that Defendant's products originate from the same source as EP's directly competitive products.

107.   EP is informed and believes, and thereupon alleges that the false impression created by Defendant's use of the Infringing Mark, or variants thereof, has and/or will lead

consumers to purchase Defendant's products on the erroneous belief that Defendant's products are the same as, or equivalent to, EP's products.

108.    Thus, EP is entitled to recover an amount equivalent to the amount of profits that Defendant has derived and may continue to derive as a result of its unlawful misappropriation and infringement of EP's EMPOWERED PRODUCTS Marks.

109.    Defendant's conduct as described above has been willful, deliberate, malicious, and with intent to injure EP. Therefore, EP is also entitled to recover exemplary damages from Defendant in an amount sufficient to punish Defendant and to deter them and others from engaging in similar wrongful conduct in the future.

110.    Defendant should also be preliminarily and permanently enjoined from using the Infringing Mark or variants thereof.

## COUNT IV
### Violation of the Nevada Deceptive Trade Practices Act
### (NRS 598.0915, *et seq.*)

111.    EP re-alleges and incorporates by reference all allegations contained in this Complaint as though fully set forth herein.

112.    EP owns, has the exclusive right to use, and actively uses the EMPOWERED PRODUCTS Marks in Nevada.

113.    The parties are direct competitors in the sexual stimulation aid and sex toy market.

114.    As alleged herein, Defendant has, without consent or authorization from EP, used and continues to use packaging, boxes, and advertising that are confusingly similar to the EMPOWERED PRODUCTS Marks in interstate commerce, to sell, offer to sell, import, distribute and/or advertise the products bearing the Infringing Mark.

115.    The similarity between Defendant's use of the Infringing Mark is so great as to be likely to cause confusion, mistake, or deception as to the source or origin of Defendant's products in that the public and others are likely to believe that Defendant's products are manufactured by, promoted by, sponsored by, approved by, licensed by, affiliated with, or in some other way

connected with EP Products produced by EP.

116.    Defendant's unauthorized use of the Infringing Mark on packaging, boxes, and advertising is confusingly similar to EP's distinct EMPOWERED PRODUCTS Marks.

117.    EP is informed and believes, and thereupon alleges that Defendant's use of the Infringing Mark injures EP's commercial interest in its reputation and reduces EP's sales of its products.

118.    The economic and reputational injuries to EP flow directly from the confusion and/or deception wrought by Defendant's infringement of EP's trademark rights.

119.    The economic and reputational injuries occur due to the similarity of the Infringing Mark to the EMPOWERED PRODUCTS Marks.

120.    Defendant's use of the Infringing Mark constitutes deceptive trade practices under the Nevada Deceptive Trade Practice Act, NRS 598.0915(1), because Defendant is knowingly and intentionally using the Infringing Mark to trade on EP's hard-earned goodwill in the EMPOWERED PRODUCTS Marks, as well as to pass off the Defendant's products as those made by EP and cause confusion, mistake, or deception as to the affiliation, connection or association of Defendant and its goods with EP Products and as to whether the origin, sponsorship or approval of Defendant's products are the same as EP Products.

121.    Defendant's use of the Infringing Mark confuses and/or deceives consumers, and that confusion and/or deception causes them to withhold trade from EP by purchasing Defendant's products instead of EP's competing products.

122.    Defendant's use of the Infringing Mark creates the false impression that Defendant's products originate from the same source as EP's directly competitive products.

123.    EP is informed and believes, and thereupon alleges that the false impression created by Defendant's use of the Infringing Mark has and/or will lead consumers to purchase Defendant's products on the erroneous belief that Defendant's products are the same as, or equivalent to, EP's products.

124.    Defendant had direct and full knowledge of EP's prior use and rights in the

EMPOWERED PRODUCTS Marks before the acts complained of herein.

125.    Defendant's unlawful and unfair conduct has led to a material diminution of the reputation and goodwill established by EP's EMPOWERED PRODUCTS Marks.

126.    As a result of Defendant's aforementioned conduct, EP has suffered substantial damages, as a well as the continuing loss of the goodwill and reputation established by EP in its EMPOWERED PRODUCTS Marks.

127.    This continuing loss of goodwill cannot be properly calculated and, thus, constitutes irreparable harm and an injury for which EP does not have an adequate remedy at law. Due to the unfair nature of Defendant's actions, Defendant has caused, and unless enjoined by this Court, will continue to cause, serious and irreparable injury and damage to EP.

128.    Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with EP's EMPOWERED PRODUCTS Marks, thus entitling EP to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and attorneys' fees.

### COUNT V
### Unjust Enrichment

129.    EP re-alleges and incorporates by reference all allegations contained in this Complaint as though fully set forth herein.

130.    By selling the Infringing Products using EP's valuable trademarks, Defendant has been unjustly enriched to EP's detriment in violation of the common law of Nevada and elsewhere.

131.    Under principles of equity, EP is entitled to recover damages, restitution and/or disgorgement of Defendant's profits, as well as its costs and attorneys' fees.

### REQUEST FOR RELIEF

WHEREFORE, as to all of its Claims, Empowered Products respectfully prays that this Court enter judgment in its favor and against Defendant and provide relief as follows:

1)    Judgment that Defendant has: (a) infringed the EMPOWERED PRODUCTS

Marks in violation of 15 U.S.C. § 1114; (b) used false designations of origin and/or engaged in unfair competition in violation of 15 U.S.C. § 1125(a); and (c) violated EP's common law rights in the EMPOWERED PRODUCTS Marks;

2)      A preliminary and permanent injunction prohibiting Defendant and its employees, officers, directors, agents, successors, and assigns, and any other person or entity in active concern or participation with the Defendant, from:

(a)      using in commerce the "Empowered" name and Infringing Mark, any product packaging, box, in-store display, or advertisement incorporating the "Empowered" name and Infringing Mark, or any other confusingly similar trademark to the EMPOWERED PRODUCTS Marks;

(b)      engaging in any other conduct which will cause, or is likely to cause, confusion, mistake, deception, or misunderstanding as to the affiliation, connection, association, origin, sponsorship, or approval of Defendant's businesses or Infringing Products with the EP Products; and

(c)      otherwise infringing upon the EMPOWERED PRODUCTS Marks, falsely or deceptively advertising, or unfairly competing with EP in any manner whatsoever;

3)      A mandatory injunction requiring Defendant to do the following:

(a)      recall and destroy all products, written materials, publications, labels, packages, boxes, in-store displays, advertisements and other materials that infringe the EMPOWERED PRODUCTS Marks, or otherwise are likely to confuse or to mislead consumers in the United States;

(b)      file with the Court and serve upon EP within thirty (30) days after entry of the mandatory injunction a report in writing and signed under oath by respective corporate officers of Defendant setting forth in detail the manner and form in which Defendant has complied with each of the terms of the Order entered by this Court in this matter, pursuant to 15 U.S.C. § 1116;

4)      Judgment that Defendant has: (a) willfully infringed the EMPOWERED PRODUCTS Marks in violation of 15 U.S.C. § 1114; (b) willfully used false designations of origin and/or engaged in unfair competition in violation of 15 U.S.C. § 1125(a); and (c) willfully violated EP's common law rights in the EMPOWERED PRODUCTS Marks;

5)      Judgment that Defendant has been unjustly enriched in violation of the common law of the State of Nevada;

6)      An order invalidating the federal trademark application for EMPOWERED (Ser. No. 90/159,457);

7)      A finding this is an exceptional case within the meaning of 15 U.S.C. § 1117(a);

8)      An award of costs and reasonable attorney's fees pursuant to N.R.S. § 600.430;

9)      An award of damages against Defendant for any and all damages pursuant to 15 U.S.C. § 1117 and the common law, specifically including but not limited to: (a) monetary damages sustained by EP; (b) any revenues and/or profits earned by Defendant as a result of the unlawful acts of Defendant as set forth herein; (c) treble damages; (d) all costs of this action and prejudgment interest; and (e) reasonable attorneys' fees;

10) An award of damages against Defendant for any and all damages pursuant to NRS 598.0915, *et seq.*, specifically including but not limited to: (a) monetary damages sustained by EP; (b) any revenues and/or profits earned by Defendant as a result of the unlawful acts of Defendant as set forth herein; (c) enhanced profits and damages; (d) all costs of this action and prejudgment interest; and (e) reasonable attorneys' fees;

11)      An award of damages against Defendant for any and all damages for engaging in unjust enrichment, specifically including but not limited to: (a) monetary damages sustained by EP; (b) any revenues and/or profits earned by Defendant as a result of the unlawful acts of Defendant as set forth herein; (c) all costs of this action and prejudgment interest; and (d) reasonable attorneys' fees; and

12)      Such other and further relief as the Court deems just and equitable under the circumstances.

///
///
///
///

22

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 28, EP hereby demands a trial by jury on all issues for which a trial by jury may be had.

DATED: November 15th, 2024.

**DICKINSON WRIGHT PLLC**

*/s/ Michael N. Feder*
MICHAEL N. FEDER, ESQ.
Nevada Bar No. 7332
JOHN L. KRIEGER, ESQ.
Nevada Bar No. 6023
BRADY A. BATHKE, ESQ.
Nevada Bar No. 16191
3883 Howard Hughes Pkwy., Suite 800
Las Vegas, Nevada 89169
Tel: (702) 550-4439
Fax: (844) 670-6009
Email: mfeder@dickinsonwright.com
Email: jkrieger@dickinsonwright.com
Email: bbathke@dickinsonwright.com

*Attorneys for Plaintiff*
*Empowered Products, LLC*